Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000384
29-JUN-2018
08:45 AM

NO. CAAP-17-0000384

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ALFRED N. SPINNEY, Defendant-Appellant,


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
(CASE NO. 3DCW-16-0001177)


ORDER DISMISSING APPEAL FOR
LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Reifurth and Chan, JJ.)

Upon review of the record, it appears that we lack
appellate jurisdiction pursuant to Hawaii Revised Statutes (HRS)
§ 641-12(a) (2016) to review Defendant-Appellant Alfred
Napahueluna Spinney's (Spinney), pro se, appeal in appellate
court case number CAAP-17-0000384 from the Honorable Peter
Bresciani's April 17, 2017 order committing Plaintiff-Appellee
State of Hawaii's (the State) two-count criminal complaint[1] in
district court criminal number 3DCW-16-0001177 to the circuit

---

[1] On May 6, 2016, the State filed a complaint against Spinney for (1)
one count of harassment in violation of HRS § 711-1106 (2014) and (2) one
count of refusal or failure to provide a specimen for forensic identification
in violation of HRS § 844D-111 (Supp. 2017).

court. The April 17, 2017 interlocutory order is not an independently appealable order. Although the circuit court later dismissed Count 2 prior to remanding the case to the district court, where the district court dismissed Count 1 on June 14, 2018, the district court had neither announced nor entered judgment on its final decision back when Spinney filed his May 4, 2017 notice of appeal. Therefore, Spinney's May 4, 2017 notice of appeal did not serve as a valid notice of appeal from the June 14, 2018 judgment of dismissal under Rule 4(b)(4) of the Hawai'i Rules of Appellate Procedure (HRAP).

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawai'i 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (2016). HRS § 641-12(a) is the statute providing that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawai'i 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawai'i Rules of Penal Procedure. And even when the district court enters a judgment of conviction, "[j]udgments of conviction are not final unless they include the final adjudication and the final sentence." State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005) (dismissing an appeal from a district court judgment of conviction that did not finally determine the entire sentence).

In the absence of an appealable final judgment, the April 17, 2017 order was not yet eligible for appellate review under HRS § 641-12(a) when Spinney filed his May 4, 2017 notice

of appeal. Therefore, we lack appellate jurisdiction to review the April 27, 2017 order.

Spinney's May 4, 2017 notice of appeal was not effective as to the district court's subsequent June 14, 2018 judgment of dismissal,[2] because pursuant to HRAP Rule 4(b), a notice of appeal must either be filed within thirty days after the entry of the appealable final judgment or, in the alternative, after the announcement but before the entry of the appealable final judgment. Grattafiori v. State, 79 Hawai'i 10, 13, 897 P.2d 937, 940 (1995). Although HRAP Rule 4(b)(4)[3] allows an appellate court to "treat an appeal as timely where a defendant has filed his or her notice of appeal after the court has announced an oral decision but before the entry of a written order or judgment, see HRAP 4(b), we cannot do so where the court has rendered no decision whatsoever." Grattafiori, 79 Hawai'i at 14, 897 P.2d at 941 (dismissing for lack of jurisdiction, where the appellant filed a notice of appeal before the oral announcement of the final decision). Absent the district court's announcement of its final judgment at the time when Spinney filed his May 4, 2017 notice of appeal, we lack appellate jurisdiction over Spinney's appeal from the April 17, 2017 interlocutory order.

---

[2] HRS § 641-12 (2016) authorizes an appeal from a district court judgment or order dismissing a criminal complaint without prejudice. State v. Hern, 133 Hawai'i 59, 62, 323 P.3d 1241, 1244 (App. 2013); see also Nicole, 140 Hawai'i at 494, 403 P.3d at 271 (2017) (holding that HRS § 641-11 (2016) authorizes a defendant to appeal in a criminal case from a circuit court order dismissing the case without prejudice).

[3] "A notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be deemed to have been filed on the date such judgment or order is entered." HRAP Rule 4(b)(4).

IT IS HEREBY ORDERED that appellate court case number CAAP-17-0000384 is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawai'i, June 29, 2018.

Chief Judge

Associate Judge

Associate Judge

4